## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*Patrick Navin v. Rayna Hartz, in her official capacity as Yupiit School District Superintendent; Tariq Malik, in his official capacity as Akiachak School Principal, and Yupiit School District*
Case No. 4:20-cv-00007-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendants Rayna Hartz, Tariq Malik, and the Yupiit School District's Motion for Attorney's Fees and Costs (the "Motion").[1] Defendants seek attorney's fees pursuant to Federal Rule of Civil Procedure ("Federal Rule") 54, Alaska Rule of Civil Procedure ("Alaska Rule") 82, and 42 U.S.C. § 1988.[2] Plaintiff Patrick Navin opposes the Motion.[3] For the reasons stated below, the Motion is **DENIED**.

In February 2023, the Court granted Defendants' Motion for Summary Judgment, ruling that Defendants were entitled to judgment as a matter of law on all of Navin's claims, which were brought under 42 U.S.C. § 1983.[4] Defendants submit that they incurred a total of $61,307 in attorney's fees over the course of the litigation.[5] In the Motion, Defendants argue that they are the prevailing parties and are therefore entitled to an award of at least twenty percent of their reasonable actual attorney's fees under Alaska Rule 82.[6]

Navin responds that Defendants cannot recover attorney's fees under Alaska Rule 82 because this case did not involve any claims for relief under Alaska law.[7] Navin argues that although Defendants could pursue an award of attorney's fees under 42 U.S.C. § 1988, the Court should decline to grant such an award to avoid discouraging plaintiffs from bringing civil rights claims against public entities.[8] Navin contends that although the Court's ruling was adverse to him, his claims were not "frivolous or utterly without merit."[9] Navin further states that he has "very finite

---

[1] Dkt. 38 (Motion); Dkt. 39 (Sandone Affidavit); Dkt. 40 (Bill of Costs); Dkt. 41 (Notice of Additional Documentation).
[2] Dkt. 38; Dkt. 44 (Reply).
[3] Dkt. 42 (Response).
[4] Dkt. 36 (Order); *see also* Dkt. 1 (Complaint)
[5] Dkt. 38 at 5.
[6] *Id.*; *see also Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 972 (9th Cir. 2013) (describing Alaska Rule 82 as "generally requir[ing] the award of attorney's fees to the prevailing party in civil cases").
[7] Dkt. 42 at 1–2.
[8] *Id.* at 3.
[9] *Id.*

1

resources" and that an award of attorney's fees would both "punish" him for pursuing his legal options and increase Defendants' "financial advantage in [the] legal process."[10]

In reply, Defendants argue that the Court "has discretion to rely on [Alaska Rule] 82 to calculate an appropriate award of attorney['s] fees pursuant to Federal Rule 54[.]"[11] Defendants also argue that a fee award is warranted under § 1988 because Navin's claims "were without foundation and the result of this case should have been entirely predictable to an objective plaintiff or counsel."[12] Finally, Defendants assert that they similarly have "finite resources," and that by bringing "baseless legal claims," Navin increased the financial "burden on an already burdened rural school district."[13]

Federal Rule 54 permits parties to move for an award of "attorney's fees and related nontaxable expenses."[14] The moving party must "specify the . . . statute, rule, or other grounds entitling the movant to the award."[15] In diversity cases and in federal question cases with supplemental jurisdiction over state-law claims, the moving party may rely on state law as the source for an award of attorney's fees.[16] However, "[i]n a pure federal question case brought in federal court, federal law governs attorney fees."[17]

As an initial matter, the Court cannot grant Defendants an award of attorney's fees under Alaska Rule 82 because the Court was sitting in federal question jurisdiction. Navin brought his claims solely under § 1983, alleging that Defendants unlawfully retaliated against him and violated his right to due process under the First and Fourteenth Amendments, respectively.[18] Because "[t]his case presented federal questions concerning the application of [a] federal statute[], and presented no issue of state law," Alaska Rule 82 cannot provide a basis for an award of attorney's fees.[19]

---

[10] *Id.* at 4.
[11] Dkt. 44 at 3.
[12] *Id.*
[13] *Id.* at 4.
[14] Fed. R. Civ. P. 54(d)(2).
[15] Fed. R. Civ. P. 54(d)(2)(B)(ii).
[16] *See Disability L. Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 940–41 (9th Cir. 2009).
[17] *Id.* at 940 (citing *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000)); *see also Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 281–82 (9th Cir. 2018) ("The general rule in federal courts is that 'absent statute or enforceable contract, litigants pay their own attorneys' fees.'" (quoting *Alyeska Pipeline Serv. Co v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975))).
[18] *See* Dkt. 1 ¶¶ 3.1–3.13 (Complaint).
[19] *See Disability L. Ctr. of Alaska, Inc.*, 571 F.3d at 940.

However, § 1988 may provide such a basis in this case.[20] This statute permits courts, "in [their] discretion," to "allow the prevailing party, other than the United States, a reasonable attorney's fee" in cases brought under § 1983.[21] Although courts may award attorney's fees to prevailing plaintiffs pursuant to § 1988 "as a matter of course," only "in exceptional circumstances" is it appropriate to award attorney's fees to prevailing defendants.[22] "This policy was adopted expressly in order to avoid discouraging civil rights plaintiffs from bringing suits, and thus 'undercut[ting] the efforts of Congress to promote the vigorous enforcement of' [federal] civil rights laws."[23]

When deciding whether to award a prevailing defendant attorney's fees in a case brought under § 1983, courts consider several factors, including whether the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so."[24] "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit."[25] When evaluating whether a claim is frivolous, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[26] When there is very little case law on point and a claim raises a novel question, a claim is less likely to be considered frivolous.[27] Courts should also consider the plaintiff's financial resources when deciding whether to award attorney's fees to a prevailing defendant; any fee award "should not subject the plaintiff to financial ruin."[28]

Although the Court ultimately ruled against Navin on all claims at summary judgment, the Court is not willing to grant Defendants an award of attorney's fees under § 1988. The Court recognizes that Defendants rely on limited public funds and that defending against claims such as Navin's

---

[20] Although Defendants raised the applicability of § 1988 for the first time in their Reply, the Court exercises its discretion to address this issue because Defendants respond directly to arguments made in Navin's Response. *Cf. Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003) (explaining that although issues not raised in an appellant's opening brief are generally waived, courts have discretion to review such issues when they are raised in the appellee's responsive brief); *see also Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (stating that it is generally improper to raise new arguments in a reply brief because the opposing party is typically deprived of an opportunity to respond).
[21] 42 U.S.C. § 1988(b).
[22] *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 971 (9th Cir. 2011) (first quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990), then quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978)).
[23] *Harris*, 631 F.3d at 971 (first alteration in *Harris*) (quoting *Christiansburg Garment Co.*, 434 U.S. at 422).
[24] *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015) (quoting *Christiansburg Garment Co.*, 434 U.S. at 422).
[25] *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007); *see also Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003).
[26] *Christiansburg Garment Co.*, 434 U.S. at 421–22.
[27] *See id.*
[28] *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987).

may increase certain pre-existing financial burdens. Yet Defendants did not move to dismiss the case after Navin filed the Complaint, which significantly weakens their argument that Navin's claims were wholly without merit from the start. Moreover, most parts of Navin's procedural due process claim were at least marginally colorable at the time he filed the Complaint. The Court is unaware of any binding precedent that definitively resolved the issue of whether Navin had a cognizable property interest in (1) his continued employment at the Akiachak School (the "School") based on his failure to renew his teaching certificate, and (2) a general "guarantee of safety" at the School. Although the Court eventually ruled that Navin lacked any such interest, the Court relied in part on non-binding, out-of-circuit case law in coming to these conclusions.[29] Even though they were ultimately not close calls, and despite Navin's failure to provide any case law to support his positions, existing law did not completely settle these questions.

Two additional reasons support the Court's exercise of discretion to decline to award attorney's fees. First, Navin is seventy years old and has represented that he lacks the means to pay a substantial judgment.[30] And second, the Court does not wish to discourage lawyers from taking on civil rights cases based on the risk that plaintiffs may become subject to a significant judgment in attorney's fees.[31]

At the same time, the Court recognizes that Navin likely should have known at the outset of the litigation that his retaliation claim and part of his procedural due process claim would not succeed. The issue of whether Navin spoke as a public employee—a necessary element of his retaliation claim—was not contingent upon any facts that could have been obtained in discovery. As explained in the Order, Navin's student referrals, incident reports, and other communications with Defendants about student behavioral issues were unquestionably within the scope of his duties as a teacher, as set out in Yupiit School Board policies and administrative rules.[32] These materials were available to Navin prior to bringing suit. And at summary judgment, Navin effectively conceded this issue by failing to cite any evidence or authority to the contrary.[33]

Similarly, there should have been little question at the outset of the litigation that Navin lacked a protected property interest in the Akiachak School's disciplinary decisions. Settled, longstanding, and binding precedent establishes that purely procedural "entitlements," such as Navin's alleged "entitlement" to the School's reporting of student attacks, assaults, or threats to law enforcement, are not protected property interests for purposes of procedural due process claims.[34]

---

[29] *Id.* at 14–16, 18–19.
[30] Dkt. 33-5 at 1 (Employee Report of Occupational Injury or Illness to Employer); Dkt. 42 at 4–5.
[31] *See Harris*, 631 F.3d at 971.
[32] Dkt. 36 at 21–22.
[33] *Id.* at 23.
[34] *See* Dkt. 36 at 16–17 (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 764 (2005)).

In both evaluating the merits of Navin's claims at the start of the litigation and balancing the equities, the Court finds that an award of attorney's fees is not appropriate in this case. Accordingly, the Court **DENIES** the Motion at Docket 38.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 18, 2023